UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LLOYD GEORGE MAXWELL, | ) | CASE NO. 4:07 CV 2851 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On September 20, 2007, pro se plaintiff Lloyd George Maxwell filed this action against the United States, and the "Drug Enforcement Administrative."[1] In the complaint, plaintiff alleges that the defendant's actions resulted in a "tainted defective indictment" which led to his criminal conviction. He asks this court to vacate his criminal sentence and award him $15,000,000.00 in damages.

**Background**

Mr. Maxwell is a federal prisoner currently incarcerated in the Northeast Ohio Correctional Center ("NEOCC"). He contends that while he was incarcerated at the Morgantown, West Virginia Federal Prison Camp in 1990 and 1991, he was introduced to a fellow prisoner

---

[1] The court presumes Mr. Maxwell is referring to the Drug Enforcement Agency ("DEA").

named "John."  He states that the two of them became friends and "exchanged business ideas." (Compl. at 3.) John was serving a sentence for drug smuggling. Mr. Maxwell alleges that while John was serving his sentence, "it had come to light that he was working as an undercover informant for the DEA to plot, trap, and setup inmate Maxwell into a [sic] illegal drug scheme upon his release from prison."  (Compl. at 3-4.)

Mr. Maxwell was released from prison in June 1991.  John remained incarcerated He claims that before he was released, he and John exchanged telephone numbers.  Mr. Maxwell asserts that the DEA "illegally obtained permission from the U.S. Probation Commission...which was in violation of FTCA and Conditions of Parole § 4209(a) by virtue of utilizing a convicted felony paid informant John, who was on parole, to...set up the plaintiff into an illegal drug scheme to commit a crime... ."  (Compl. at 4.) He contends that the number which John provided actually belonged to the DEA.  He states that John called him in July 1992 and again in October 1992 at his automotive business in Maryland and proposed a business arrangement to smuggle marijuana into the United States from Jamaica in exchange for exporting Mr. Maxwell's automotive parts.  For approximately eight months Mr. Maxwell and John met two to three times per week but "nothing ever became of John's quest to import marijuana into this country."  (Compl. at 5.)

Mr. Maxwell alleges that John then came up with a plan to sell cocaine.  John was to provide the cocaine while Mr. Maxwell's role was to solicit buyers for the product.  He indicates that he became aware of a person at his place of employment who was interested in buying cocaine from John and he introduced the two of them at Mr. Maxwell's automotive shop.  He states that on May 3, 1993, John contacted Mr. Maxwell and told him the buyer had agreed to purchase 10 kilograms of cocaine.  He asked Mr. Maxwell to meet with the buyer and determine whether he had

2

tendered the total amount of the purchase price, approximately $ 204,000.00.  Mr. Maxwell admits that he did as John requested and then telephoned John to let him know that all of the money had exchanged hands.  He then traveled with the buyer to the transaction site to complete the delivery of the product.  Mr. Maxwell claims the cocaine that was delivered to the site was actually supplied by the DEA.  When the ten kilograms of cocaine changed hands, both Mr. Maxwell and the buyer were arrested.  He was indicted in June 1993.  He was eventually convicted of the crimes and sentenced on November 12, 1993 in the United States District Court for the Northern District of Virginia to a term of 240 months incarceration.

Claiming he was entrapped, Mr. Maxwell filed an administrative tort claim against the United States on October 24, 2005.  The response to that claim is not included in the pleading.  He filed a substantially similar administrative tort claim on January 27, 2007.  His claim was denied by the agency on March 19, 2007.  He then filed the within action on September 20, 2007 reiterating his claim of entrapment and asking the court to review the denial of his administrative tort claim and vacate his conviction.  He seeks compensatory damages against the United States for "violations of federal law, malicious prosecution, and his civil rights by its employees, DEA Agency, prosecutors, parole officer, informant and Grand Jury who singed and filed a tainted defective indictment against the plaintiff."  (Compl. at 9.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

3

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, a prisoner may not raise claims in a tort action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Plaintiff does not allege his continued confinement has been declared invalid by the federal court which sentenced him or by a federal habeas corpus decision. His claims must therefore be dismissed.

Moreover, even if his claims were not barred by the doctrine set forth in Heck v. Humphrey, he could not proceed with a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. The FTCA provides the exclusive jurisdictional basis for tort claims against the United States. Before a party may bring such an action, however, the claim must first be submitted to the proper federal agency. 28 U.S.C. § 2675(a). The statute of limitations for these actions requires that the claim be "presented in writing to the appropriate Federal agency within two years

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

after such claim accrues or...within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §2401(b). The administrative prerequisites of § 2675 are met if the claimant (1) gives the agency written notice of his claim that is sufficient to enable the agency to investigate and (2) places a value on his claim. Douglas v. United States, 658 F.2d 445, 447 (6th Cir. 1981).

It is apparent on the face of the complaint that the statute of limitations for filing a claim under the FTCA expired long before Mr. Maxwell filed this action. Mr. Maxwell was indicted and convicted in 1993. He submitted his first administrative tort claim in 2005 and his second in 2007. Both of these dates are well beyond two years beyond his conviction.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/Peter C. Economus - 11/19/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE